# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2117 | **DATE** | 3/18/2004 |
| **CASE TITLE** | Bell v. City of Chicago, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Partially Dismiss Complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, defendant's motion to partially dismiss the complaint (Doc. # 10) is granted. Plaintiff's claims against defendant City of Chicago Department of Health, as well as her claim for punitive damages against defendant City of Chicago, are dismissed, with prejudice.

(11) [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 3-22-04 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | aed/lc | courtroom deputy's initials | 2004 MAR 19 PM 1:43 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TERRY BELL, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO, CITY OF CHICAGO ) <br> DEPARTMENT OF HEALTH, FRED ) <br> WOODS, and DONALD BECKER, ) <br> ) <br> Defendants. ) | No. 03 C 2117 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Defendant City of Chicago's motion to partially dismiss plaintiff's first amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), is now before this court. For the reasons set forth below, the motion is granted.

### I. Procedural Background

On April 25, 2003, plaintiff Terry Bell filed a four-count first amended complaint against defendants City of Chicago and City of Chicago Department of Health. In it, she alleged claims for sexual harassment, sex discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. On June 24, 2003, defendant City of Chicago filed a partial motion to dismiss, seeking to dismiss City of Chicago Department of Health as a defendant and to dismiss plaintiff's punitive damages claim against defendant City of Chicago. The time designated by the court for plaintiff to file her response came and went without any submission from plaintiff.

Thereafter, plaintiff sought and was granted leave to file a second amended complaint, which she filed on August 12, 2003. In her second amended complaint, plaintiff realleged counts I - IV of her first amended complaint (which asserted Title VII claims against defendants City of Chicago and City of Chicago Department of Health). She also added two defendants, Fred Woods and Donald Becker (both City of Chicago employees), against whom she asserted two counts: (1) a claim under 42 U.S.C. § 1983 for violation of her civil rights (Count V); and (2) a claim for slander *per se* under Illinois common law (Count VI).

Defendants did not move to dismiss plaintiff's second amended complaint. However, because the second amended complaint did not differ from the first amended complaint in any respect relevant to defendant City of Chicago's motion, the court will treat defendant's motion as one to partially dismiss the second amended complaint.

## II. Analysis

Under Fed. R. Civ. P. 8(a), a complaint need only set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168, 113 S. Ct. 1160 (1993). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In reviewing a motion to dismiss for failure to state a claim, the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *See Ameritech Corp. v. McCann*, 297 F.3d 582, 585 (7th Cir. 2002). A complaint should be dismissed only if there is no set of facts in support of the claim that would entitle the plaintiff to relief. *See Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997).

### A. Defendant City of Chicago Department of Health Is Not a Suable Entity.

Defendant City of Chicago contended in its opening brief that defendant City of Chicago Department of Health is merely an "organizational division" and "operating department" of the City, itself, and, as such, is not a suable entity. *See, e.g., Chan v. City of Chicago*, 777 F. Supp. 1437, 1442 (N.D. Ill. 1991) (dismissing Chicago Police Department from case on grounds that it had "no separate legal existence apart from the City of Chicago, and the department [was] therefore not a suable entity"). Plaintiff did not, in response, contend otherwise (or contend anything at all, as she did not file a response) and, thereby, effectively conceded the point. Plaintiff's claims against defendant City of Chicago Department of Health are therefore dismissed, with prejudice. *See Clay v. City of Chicago*, No. 96 C 3684, 1996 U.S. Dist. LEXIS 15626, at *4-6 (N.D. Ill. Oct. 22, 1996) (dismissing claims against City of Chicago Department of Health where the plaintiff conceded that the Department of Health is merely a department of the City).

### B. Plaintiff Cannot Maintain a Claim for Punitive Damages Against Defendant City of Chicago.

Defendant City of Chicago is a municipality and, as such, cannot be held liable for punitive damages under Title VII. *See* 42 U.S.C. § 1981a(b)(1); *Bielicki v. City of Chicago*, No. 97 C 1471, 1997 U.S. Dist. LEXIS 6880, at *13 (N.D. Ill. May 8, 1997) ("municipalities are expressly exempted from liability for punitive damages under Title VII"); *White v. City of Chicago*, No. 96 C 3329, 1996 U.S. Dist. LEXIS 16338, at *14 n.6 (N.D. Ill. Nov. 1, 1996) ("[m]unicipalities are immune from punitive damages imposed under the civil rights laws"); *see also Adams v. City of Chicago*, 865 F. Supp. 445, 447 (N.D. Ill. 1994) (noting that Illinois has

reaffirmed its local governments' immunity from punitive damages). Plaintiff's claim for punitive damages against defendant City of Chicago is dismissed.

### III. Conclusion

For the foregoing reasons, defendant City of Chicago's motion to partially dismiss is granted. Specifically, plaintiff's claims against defendant City of Chicago Department of Health, as well as her claim for punitive damages against defendant City of Chicago, are dismissed, with prejudice.

**Enter:**

_____
**David H. Coar**
**United States District Judge**

**Dated: March 18, 2004**